**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| INNERWORKINGS, INC., JACK M. GREENBERG, CHARLES K. BOBRINSKOY, LINDSAY Y. CORBY, DAVID FISHER, ADAM J. GUTSTEIN, JULIE M. HOWARD, KIRT P. KARROS, RICHARD STODDART, and MARC ZENNER, ) ) ) ) ) ) ) ) | CLASS ACTION |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 16, 2020 (the "Proposed Transaction"), pursuant to which InnerWorkings, Inc. ("InnerWorkings" or the "Company") will be acquired by HH Global Group Limited ("Parent"), HH Global Finance Limited ("HH Finance"), and Project Idaho Merger Sub, Inc. ("Merger Sub," and together with Parent and HH Finance, "HH Global").

2. On July 15, 2020, InnerWorkings' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with HH Global. Pursuant to the terms of the Merger Agreement, InnerWorkings' stockholders will receive $3.00 in cash for each share of InnerWorkings common stock they own.

3. On August 21, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for September 24, 2020.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of InnerWorkings common stock.

9. Defendant InnerWorkings is a Delaware corporation and maintains its principal executive offices at 203 North LaSalle Street, Suite 1800, Chicago, Illinois 60601.

InnerWorkings' common stock is traded on the NASDAQ Global Market under the ticker symbol "INWK."

10. Defendant Jack M. Greenberg is Chairman of the Board of the Company.

11. Defendant Charles K. Bobrinskoy is a director of the Company.

12. Defendant Lindsay Y. Corby is a director of the Company.

13. Defendant David Fisher is a director of the Company.

14. Defendant Adam J. Gutstein is a director of the Company.

15. Defendant Julie M. Howard is a director of the Company.

16. Defendant Kirt P. Karros is a director of the Company.

17. Defendant Rich Stoddart is President, Chief Executive Officer, and a director of the Company.

18. Defendant Marc Zenner is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of InnerWorkings (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of July 10, 2020, there were approximately 52,915,543 shares of InnerWorkings common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. InnerWorkings engineers marketing for leading brands across a wide range of industries.

28. On July 15, 2020, InnerWorkings' Board caused the Company to enter into the Merger Agreement.

29.     Pursuant to the terms of the Merger Agreement, InnerWorkings' stockholders will receive $3.00 in cash for each share of InnerWorkings common stock they own.

30.     According to the press release announcing the Proposed Transaction:

> InnerWorkings, Inc. (NASDAQ: INWK) ("InnerWorkings") and HH Global Group Limited ("HH Global") today announced that they have signed a definitive agreement to combine operations. Under the terms of the agreement, HH Global will acquire InnerWorkings for $3.00 per share in an all-cash transaction representing approximately $177 million in equity value. This represents a premium of 127% to the closing price, and a premium of 104% to the 90-day volume weighted average price as of July 15, 2020. The transaction has been unanimously approved by the Boards of Directors of both companies. . . .
>
> Additional Transaction Details
>
> Under the terms of the merger agreement, HH Global will acquire all of the outstanding shares of InnerWorkings common stock for $3.00 per share in cash which represents a premium of 127% to the closing price and a premium of 104% to the 90-day volume weighted average price as of July 15, 2020.
>
> The transaction is subject to customary closing conditions, including approval by InnerWorkings' shareholders and receipt of certain regulatory approvals, and is expected to be completed before the end of the fourth quarter of 2020.
>
> Citigroup Global Markets Inc. is serving as exclusive financial advisor to InnerWorkings and Sidley Austin LLP is serving as legal counsel. Moelis & Company LLC is acting as HH Global's exclusive financial advisor and Kirkland & Ellis LLP is serving as legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

31.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

32.     As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33.     First, the Proxy Statement omits material information regarding the Company's financial projections.

34. The Proxy Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; (ii) projected net income; and (iii) the "Original AOP" projections.

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

36. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Citigroup Global Markets Inc. ("Citi").

37. With respect to Citi's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the stand-alone unlevered, after-tax free cash flows that the Company was forecasted to generate during the second half of the calendar year ending December 31, 2020 through the full calendar year ending December 31, 2024 as used in the analysis and all underlying line items; (ii) the terminal values for the Company; (iii) the individual inputs and assumptions underlying the ranges of discount rates of 13.0% to 15.2% and 15.7% to 18.8%; and (iv) Citi's basis for selecting the range of perpetuity growth rates of 3.0% to 4.0%.

38. With respect to Citi's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose the consideration paid or payable in the selected precedent transactions.

39. With respect to Citi's analysis of price targets, the Proxy Statement fails to disclose: (i) the individual price targets observed by Citi in the analysis; and (ii) the sources thereof.

40. With respect to Citi's selected companies analysis, the Proxy Statement fails to disclose: (i) the companies observed by Citi in the analysis; and (ii) the individual multiples and metrics for the companies.

41. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. Third, the Proxy Statement fails to disclose the timing and nature of the past services Citi provided to the Company and its affiliates, as well as the amount of compensation Citi received for providing such services.

43. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

44. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Board; (iii) Reasons for Recommending the Adoption of the Merger Agreement; (iv) Opinion of the Company's Financial Advisor; and (v) Financial Projections.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and InnerWorkings

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  InnerWorkings is liable as the

7

issuer of these statements.

48. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

49. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

51. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of InnerWorkings within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of InnerWorkings and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

58. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

59. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 25, 2020     **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*